GARSAUD, Judge.
By written agreement, Barnett Enterprises, Inc. agreed to buy and Thomas J. Ward and Floyd A. Sinclair agreed to sell two lots of ground in Jefferson Parish. Barnett sued for specific performance and was met by defendants’ motion for summary judgment, which contended that the agreement had expired by its own terms for lack of attempted performance by all parties. Judgment was rendered granting defendants’ motion for summary judgment and dismissing plaintiff’s suit. Plaintiff appealed.
The pertinent portions of the agreement are as follows:
“Act of sale at expense of purchaser to be passed before purchaser’s Notary, on or prior to Sept. 30, 1976. In the event bona fide curative work in connection with title is required, the parties herewith agree to and do extend the time for passing of act of sale by sixty days.
‡ * jfc ¡fc s}s *
“The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void, reserving unto purchaser the right to demand the return of the deposit from the holder thereof, and reserving unto agent the right to recover commission.
“In the event the seller fails to comply with this agreement for any reason, within the time specified, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his option.
“In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit ipso facto forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.”
Since we are considering a summary judgment, the basic issue is whether the contract became null on the basis of uncontested material facts relating to these provisions. The uncontested facts are that pri- or to the proposed sale date of September 30, the purchaser’s notary was preparing for the passage of the act of sale and had ordered mortgage and conveyance certificates upon the property. Upon receipt of these certificates from the clerk of court, initialed September 17, the notary discovered, in addition to an anticipated mortgage and lease, an unexpected inscription of another mortgage on one certificate (making a total mortgage debt greater than the purchase price) and a lease on the other certificate. The proposed sale was not set and neither party took any action to place *917 the other in default. Instead, it is asserted by appellant, its attorney notified the other parties and the agent, by telephone on or before September 29th, that it was necessary to cancel these inscriptions before passage of the act, requesting that this be done as soon as possible. These telephone calls, and any other oral notification, are denied, however, and are in contest.
The sole basis of defendants’ motion for summary judgment was that, irrespective of whether any curative work was necessary, and irrespective of whether defendants were verbally notified of any necessary work, defendants were not notified in writing and therefore the sixty-day-extension provision was never effectively invoked by plaintiff. As the trial judge was of the opinion that a written notice extending time was required, the contested fact of verbal notice was immaterial. It is stipulated that there was no written notification prior to September 30th. Several days later, by letter dated October 4 and mailed with postmark of October 5, the purchaser’s attorney did make written notification and request for clearing of title. By letter written October 5 and postmarked October 5, the sellers notified the agent that they considered the agreement null and void in accordance with its terms and authorized him to return the purchaser’s deposit.
The primary dispute between the parties is the interpretation of the provision for extension of time for passing the act of sale in the event bona fide curative work is required. The argument is whether the language of the contract requires written notice prior to the original expiration date in order for the sixty-day extension to be operative, or whether the language, given the proper circumstances, is self-operative with no notice being required to extend the time for the closing of the act of sale. The language in question is as follows:
“In the event bona fide curative work in connection with title is required, the parties herewith agree to and do extend the time for passing of act of sale by sixty days.” [Emphasis added.]
While we agree that an extension of a contract for purchase of immovables requires a written agreement where no extension of time is provided for in the contract, or where the extension period, by its terms, has already expired, it is nonetheless our view that the clause in question in and of itself extends the time with nothing more than the need for curative work. By the language “the parties herewith agree to and do extend,” etc., the parties have agreed beforehand, in writing, to extend the time for closing if bona fide curative work need be done. This is the plain meaning of those words. Such work presumably was required here (perhaps, an act of correction of property description in the extra lease or mortgage). Further, there is no modification or change in the original terms of the agreement which would require a writing, but merely an implementation of a provision already made part of the agreement. Thus, no notice, written or otherwise, is needed to give effect to the provision and to extend the time.
The defendants-appellees rely heavily on the case of Wells v. Spears, 255 So.2d 215 (La.App. 1st Cir. 1971). We do not believe that case is applicable, as there the trial court found that, before any notice of title defect was given to the seller, even the extension period had elapsed (at least the purchaser did not prove the contrary), thus terminating the agreement. Here, all parties agree that notice of title defect was given within the extension period.
We believe, therefore, that it was error for the trial court to grant a summary judgment, as mover was not entitled to judgment as a matter of law. As agreed between the parties, this contract was automatically extended for sixty days (assuming the necessity for curative work), and the result of that extension in terms of plaintiff’s demand for specific performance must be resolved by a trial on the merits. According, the decision of the trial court is reversed, and the matter is remanded for a trial on the merits consistent with this opinion.

REVERSED AND REMANDED.